IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHNNY ROBERTS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:95-cv-2412-G-BN |
| | § | |
| JO ANNE B. BARNHART, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Johnny Roberts, appearing *pro se*, has filed a motion to proceed *in forma pauperis* and a motion to appoint counsel in this closed Social Security Case brought pursuant to 42 U.S.C. § 402. On May 13, 2013, Senior Judge A. Joe Fish referred the motions to the undersigned for recommendation or determination.

On April 29, 1996, Judge Barefoot Sanders granted Plaintiff's motion to remand for additional administrative proceedings to consider new evidence of Plaintiff's visual impairment and participation in rehabilitation and training. *See* Dkt. No. 26 at 2. The case was then closed. Judge Sanders assessed attorneys' fees under the Equal Access to Justice Act on August 27, 1998. *See* Dkt. No. 33.

Now, nearly 15 years later, Plaintiff has filed two documents – a *pro se* motion to proceed *in forma pauperis* and a *pro se* motion to appoint counsel. *See* Dkt. Nos. 34 & 35. Neither motion indicates any basis for further proceedings in federal district court or requiring the assistance of an attorney. Nor do the motions suggest any reason

-1-

to re-open this closed lawsuit.

Accordingly, both motions should be denied without prejudice.

Plaintiff also should be instructed that, if he wishes to bring a new civil action in this Court, he must submit a pleading which includes a "short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). At that time, in the context of that new action, Plaintiff could seek *in forma pauperis* status and request appointment of counsel.

## Recommendation

Plaintiff's motions [Dkt. Nos. 34 & 35] should be denied without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 15, 2013

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE